1

2

3

4

5

Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Hydentra HLP Int. Limited
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

13

14

15

16

17

18

19

20

HYDENTRA HLP INT. LIMITED, a
foreign corporation, d/b/a METART

        Plaintiff,

    vs.

PORN69.ORG; PORN69.BIZ;
PORNHUB88.COM; SEX88.ORG; and
John Does 1-20,

        Defendants.

CASE NO. _____


**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

21

22

23

24

25

26

       Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart, (hereinafter referred to as "Plaintiff") by

and through its counsel, file this complaint against Defendants Porn69.biz, Porn69.org,

Pornhub88.com, Sex88.org, and the Doe Defendants (collectively hereinafter referred to as

"Defendant" or "Defendants").

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   - 1

**JURISDICTION AND VENUE**

1.      Plaintiff is a foreign corporation organized under the laws of the Cyprus, with offices located in Los Angeles, California.

2.      Defendant Porn69.org is an Internet website that displays and distributes adult oriented videos, content, and services.

3.      The Porn69.org domain name is held by Whois Privacy Protections Services, Inc. using registrar Name.com, Inc.   Whois Privacy Protection Services, Inc. is a Washington corporation located in Kirkland, Washington.  Name.com, Inc. is a Colorado corporation located in Denver, Colorado.

4.      The actual identity of the owner(s) of Porn69.org is currently unknown as they are using  Whois Privacy Protection Services, Inc. to shield themselves.

5.      Upon information and belief, the infringed copyrighted material claimed herein to be displayed on Porn69.org are located, served through and/or maintained on servers owned by Cloudflare, Inc., located in Phoenix, Arizona.

6.      Defendant Porn69.biz is an Internet website that displays and distributes adult oriented videos, content, and services.

7.      The Porn69.biz domain name is held by Whois Privacy Protections Services, Inc. using registrar Name.com, Inc.   Whois Privacy Protection Services, Inc. is a Washington corporation located in Kirkland, Washington.  Name.com, Inc. is a Colorado corporation located in Denver, Colorado.

8.      The actual identity of the owner(s) of Porn69.biz is currently unknown as they are using Whois Privacy Protection Services, Inc. to shield themselves.

9.      Upon information and belief, the infringed copyrighted material claimed herein to be displayed on Porn69.biz are located, served through and/or maintained on servers owned by Cloudflare, Inc., located in San Francisco, California.

10.      Defendant Pornhub88.com is an Internet website that displays and distributes adult oriented videos, content, and services.

11.      The Pornhub88.com domain name is held by Whois Privacy Protections Services, Inc. using registrar Name.com, Inc.   Whois Privacy Protection Services, Inc. is a Washington corporation located in Kirkland, Washington.   Name.com, Inc. is a Colorado corporation located in Denver, Colorado.

12.      The actual identity of the owner(s) of Pornhub88.com is currently unknown as they are using  Whois Privacy Protection Services, Inc. to shield themselves.

13.      Upon information and belief, the infringed copyrighted material claimed herein to be displayed on Pornhub88.com are located, served through and/or maintained on servers owned by Cloudflare, Inc., located in Phoenix, Arizona.

14.      Defendant Sex88.org is an Internet website that displays and distributes adult oriented videos, content, and services.

15.      The Sex88.org domain name is held by Whois Privacy Protections Services, Inc. using registrar Name.com, Inc.   Whois Privacy Protection Services, Inc. is a Washington corporation located in Kirkland, Washington.   Name.com, Inc. is a Colorado corporation located in Denver, Colorado.

16.      The actual identity of the owner(s) of Sex88.org is currently unknown as they are using  Whois Privacy Protection Services, Inc. to shield themselves.

17.     Upon information and belief, the infringed copyrighted material claimed herein to be displayed on Sex88.org are located, served through and/or maintained on servers owned by Cloudflare, Inc., located in Phoenix, Arizona.

18.     Upon information and belief, Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org are all owned and/or operated by the same person(s) and/or entities.  Upon information and belief, as of approximately February 2015, Porn69.org and Sex88.org are redirected to Porn69.biz.

19.     The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

20.     Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

21.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

22.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

23.     This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

## PARTIES

24.     The named Plaintiff is the rightful copyright and intellectual property owner of the respective United States copyrights and intellectual property that is the basis for this action.

25.     Plaintiff, more commonly known as the MetArt Network of adult entertainment properties, is a group of erotic websites that explore and deliver sensuality and sexuality through

artistic photography, video, erotic stories, and through articles about beauty, culture, and nudity. These websites include MetArt.com, SexArt.com, Errotica-Archives.com, EroticBeauty.com, TheLifeErotic.com, RylskyArt.com, MichealNinn.com, ALSScan.com, VivThomas.com, EternalDesire.com, Stunning18.com, HollyRandall.com, domai.com, goddessnudes.com, MagikSex.com, and bbfilms.com.Since 1999, Plaintiff has grown its trademark brands into a globally recognized leader of sensual art garnering numerous industry awards through the use of studios around the globe, exotic locations, high budget productions, engaging storylines, famed photographers and directors coupled with the dedication from its artists and technicians.

26. The MetArt library is comprised of exclusive content that features over 5000 models shot by 250 photographers/directors including such notables as Vivian Thomas and the late Zalman King, who also brought Hollywood films such as Wild Orchid, Two Moon Junction, 9 ½ Weeks, and the Showtime network groundbreaking series Red Shoes Diaries.

27. The MetArt websites are paid membership sites.  MetArt engages in extremely limited licensing of its content to other entities or websites for viewing, in addition to the small sample of promotional materials provided to MetArt affiliates for the sole purpose of the affiliates' promoting MetArt property.  Any licensing is done with the intent for brand exposure and is limited to a small subset of hand-selected content.  Predominantly, the MetArt business model is simply that a user must be a paid member to a MetArt site to view MetArts works.

28. Plaintiff is the respective producer, distributor, and exclusive licensor of its own motion pictures in the United States as well as throughout the world.

29. Plaintiff has registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Plaintiff has taken industry standard steps to identify its products, including placing recorded warnings at the beginning and end of video productions that

appear whenever those videos are played.  Plaintiff's videos are watermarked with Plaintiff's readily identifiable logo.

30.    Plaintiff's MetArt trademark and service mark have been continuously used in commerce since May 2002.  U.S. Trademark Registration No. 3152759 was registered on October 10, 2006.

31.    Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark MetArt.  As a result, the purchasing public has come to know, rely upon and recognize the mark MetArt as an international brand of high quality adult entertainment.

32.    Plaintiff's SexArt trademark and service mark have been continuously used in commerce since April 2011.  U.S. Trademark Registration No. 4191754 was registered on August 14, 2012.

33.    Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark SexArt.  As a result, the purchasing public has come to know, rely upon and recognize the mark SexArt as an international brand of high quality adult entertainment.

34.    Upon information and belief, Defendants conduct business as Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org, operate the website, and derive direct financial benefit through advertising sales and affiliate partnerships on the website.

35.    Defendants compete against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution and divert potential customers from Plaintiff.

36.    Defendants Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org each do not list a designated DMCA agent and each has not registered as a service provider.

37.     Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org each do not provide a compliant DMCA link on its website.

38.     Does 1-20 are individual or entities that own Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org and/or act in concert with Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org.  The true names and capacities of which are presently unknown to Plaintiff.  It is for that reason Plaintiff sues these Defendants by fictitious names. Plaintiff avers that each of the Doe defendants, along with the named defendant, jointly or severally, is responsible for the damages alleged herein.

## STATEMENT OF FACTS

39.     Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users.  As a primary example, the safe harbor protections provide YouTube.com with protection from liability should one of its users post a copyright protected video without authority or license.

40.     The DMCA safe harbor provisions have been systematically abused by internet copyright infringers in an attempt to garner protection for pirate websites displaying copyrighted adult entertainment content without license or authority for free viewing to the public.  Under a veneer of DMCA compliance, the owners and operators attempt to hide behind the safe harbor provisions while monetizing the website through premium membership programs and substantial advertising contracts.

41.     Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org are such pirate websites, displaying copyrighted adult entertainment content without authorization or license.

42.     Defendants host adult entertainment videos and/or host embedded code for adult entertainment videos to permit a user to view the videos on Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org for free.

43. Defendants' source and place Plaintiffs copyrighted adult entertainment on their website.

44.     Defendants sell advertising space on Porn69.org, Porn69.biz, Pornhub88.com, and/or Sex88.org in several forms, including front load pop-up advertising and advertising banners on space in close proximity to free videos, often geocentric.

45.     Defendants derive additional revenue from "click though" affiliate relationships with other web properties. Defendants are paid based on the number of users who click on Plaintiffs copyrighted works to arrive at another web property.

46.     The intellectual property infringement on Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org is not limited to the unlawful display of Plaintiff's copyrighted works.  In each instance of copyright infringement, Defendants have also infringed Plaintiff's registered trademarks.

47.     For Plaintiff's videos that are displayed without authority on Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org, the Defendants have caused Plaintiff's trademarks to be used in the meta tags and/or meta descriptions for the URL of the infringing video.

48.     A meta tag is an HTML (hypertext markup language) code embedded on a Web page that is used by the website owner to identify the site content.  Meta tags are powerful tools because they have a direct effect on the frequency with which many search engines will find a website.

49.     Meta tags and/or meta descriptions are used by Internet search engines as an indexing tool to determine which web sites correspond to search terms provided by a user.

50.     Meta tags do not affect the appearance of a website and are not visible when you look at a Web page, but they provide information regarding the content of the site.

51.     Some websites use meta tags in a deceptive manner to lure Web surfers. Instead of using terms that properly describe the site; some programmers substitute the names of competing companies. For example, a rival shoe manufacturer may bury the meta tag "Nike" in its Web page to lure Web surfers searching for Nike products.  In the case of the website selling handmade watches, the meta tag might include "Rolex, Swatch, Bulova, Cartier."

52.     By using Plaintiff's trademarks in Defendants' meta tags and/or meta descriptions, Defendants use Plaintiff's trademarks in commerce and in connection with their promotions, sales, and advertising.

53.     The use of Plaintiff's trademarks in Defendants' meta tags and/or meta descriptions is likely to cause confusion to the end users/consumers.

54.     For example, for many of the videos displayed without authority or license on Sextvx.com, "SexArt," a Plaintiff trademark, is included in the meta tags and/or meta description. Therefore, a user utilizing an internet search engine searching for "SexArt" will discover that Plaintiff's videos can be viewed for free on Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org.  This will and does create confusion on behalf of the user that Sextvx.com is an authorized distributor of Plaintiff's videos and, importantly, a belief that Plaintiff's videos are available for free viewing.

55.     Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles or else is willfully blind to the rampant infringement.  The infringement is clear and obvious even to the most naïve observer.  Plaintiff's films are indexed, displayed and distributed on Defendants' website through Defendant and the Doe Defendants acting

in concert.  Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

56.     Videos on Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via to Email to anyone regardless of age or location.  Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

57.     Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org each fail to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.  Specifically, each is not registered as an Internet Service Provider with the United States Copyright Office, fails to have a DMCA Agent identified on the site, and fails to have a DMCA Agent registered with the United States Copyright Office.

58.     In or about December 2014, and for an unknown time before and up through February 2015, Defendants' website Porn69.org displayed 32 of Plaintiff's copyright registered works over 36 separate and distinct URLs  - each a part of Porn69.org.  These copyrighted words and their corresponding Porn69.org page are listed in Exhibit A, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.

59.     In or about February 2015, and for an unknown time before and up to the present, Defendants' website Porn69.biz displayed 6 of Plaintiff's copyright registered works over 7 separate and distinct URLs  - each a part of Porn69.biz.  These copyrighted words and their

corresponding Porn69.biz page are listed in Exhibit A, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.

60.     In or about December 2014, and for an unknown time before and up to the present, Defendants' website Pornhub88.com displayed 28 of Plaintiff's copyright registered works over 30 separate and distinct URLs  - each a part of Pornhub88.com.  These copyrighted words and their corresponding Pornhub88.com page are listed in Exhibit A, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.

61.     In or about December 2014, and for an unknown time before and up through February 2015, Defendants' website Sex88.org displayed 18 of Plaintiff's copyright registered works over 18 separate and distinct URLs  - each a part of Sex88.org.  These copyrighted words and their corresponding Sex88.org page are listed in Exhibit A, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.

62.     Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles or else is willfully blind to the rampant infringement.  The infringement is clear and obvious even to the most naïve observer.  Plaintiff's films are indexed, displayed and distributed on Defendants' website through Defendant and the Doe Defendants acting in concert.  Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

63.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

64.     Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the copyrighted works.  Defendants disregard for copyright trademark laws threaten Plaintiff's business.

65.     Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

66.     Defendants make no attempt to identify any individual providing the works, where the individual obtained the works, whether the individuals had authority to further reproduce and distribute the works or if such parties even exist.

67.     Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

## FIRST CAUSE OF ACTION
### Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*
**Against All Defendants**

68.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

69.     Plaintiff holds the copyright on each of the infringed works alleged herein.

70.     Plaintiff registered each copyright with the United States Copyright Office.

71.     At all pertinent times, Plaintiff is the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants.

72.     Defendants copied, reproduced, reformatted, and distributed Plaintiffs copyrighted works by and through servers and/or hardware owned, operated and/or controlled by Defendants.

73.     Defendants did not have authority or license to copy and/or display Plaintiffs original works.

74.     Defendants infringed Plaintiff's copyrighted works by reproducing and distributing works through Defendants' website without property approval, authorization, or license of Plaintiff.

75.     Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org and further knew or should have known their acts constituted copyright infringement.

76.     Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them.  Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

77.     Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

78.     The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue.

79.     Based on information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code enabling users of kporno.com, pornias.com, and/or likepornos.com to view copyrighted videos and images.

80.     Defendants controlled the files owned by Plaintiff and determined which files remained for display and distribution.

81.     Defendants never adopted procedures to ensure that distribution of Plaintiff's copyrighted materials would not occur. Further, Defendants never implemented or enforced a "repeat infringer" policy.

82.     Defendants were aware, either actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites.

83.     Defendants, through Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

84.     Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq.* At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff's registered copyrights.

85.     Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

86.     The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

87.     Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

88.     The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

\\

\

**SECOND CAUSE OF ACTION**
**Contributory Copyright Infringement**
**Against All Defendants**

89.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

90.     Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' websites, directly infringing Plaintiff's copyrighted works.

91.     Defendants contributed to the infringing acts of those individuals.

92.     Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

93.     Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' website without regard to copyright ownership.

94.     Defendants had the ability and obligation to control and stop the infringements. Defendants failed to do so.

95.      Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

96.     Defendants received direct financial benefits from the infringements.

97.     On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

98.     The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

99.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

100.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

101.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

102.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION
### Vicarious Copyright Infringement
**Against All Defendants**

103.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

104.     Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

105.     Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

106.    Defendants were able to control or completely end the illegal and improper infringement, but failed to do so.

107.    Defendants contributed materially to the infringement.

108.    Defendants received directly financial gain and profit from those infringing activities.

109.    The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

110.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

111.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

112.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## FOURTH CAUSE OF ACTION
### Inducement of Copyright Infringement
**Against All Defendants**

113.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

114.    Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted

material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendants' website.

115. On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

116. Defendants' actions constitute inducing copyright infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

117. The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

118. The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

119. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiffs are entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

120. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

121. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

\

**FIFTH CAUSE OF ACTION**
**Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.***
**Against All Defendants**

122.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

123.    By virtue of its trademark registrations, Plaintiff has the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including Internet markets.

124.    Defendants' use of Plaintiff's registered trademarks and service marks is in a manner likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

125.    Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff are entitled to statutory and treble damages.

**SIXTH CAUSE OF ACTION**
**Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.***
**Against All Defendants**

126.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

127.    By virtue of its trademark registrations, Plaintiff has the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including Internet markets.

128.    Defendants' actions that encouraged use of Plaintiff's registered trademarks and service marks in manners likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

129.    Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff are entitled to statutory and treble damages.

### SEVENTH CAUSE OF ACTION
### False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et. seq.*
### Against All Defendants

130.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

131.    Upon information and belief, Defendants' conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

132.    Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

133.    Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

### PRAYER FOR RELIEF

A.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related

entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

    (1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to www.Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org.

    (2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to www.Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org.

and

    (5)    Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B.    That Defendants be ordered to transfer the domains www.Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Porn69.org, Porn69.biz, Pornhub88.com, and Sex88.org, and the content therein to Plaintiff.

D.    That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

E.    That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

F.    That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff's trade dress and terms;

G.      That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

H.      That Plaintiff be awarded enhanced damages and attorney's fees;

I.      That Plaintiff be awarded pre-judgment and post-judgment interest;

J.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

K.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.


          DATED:  March 11, 2015                Respectfully submitted,


                                    By:

                                            */s/ Spencer D. Freeman*

                                            Spencer D. Freeman, Attorney at Law
                                            Freeman Law Firm, Inc.
                                            Attorney for Plaintiff
                                            1107 ½ Tacoma Avenue South
                                            Tacoma, WA 98402
                                            Telephone:  253-383-4500
                                            FAX:  253-383-4501
                                            E-mail sfreeman@freemanlawfirm.org