**WO**

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART<br><br>           Plaintiff,<br><br>      vs.<br><br>PORN69.ORG; et al.,<br><br>           Defendants. | No.:  **CV15-00451-PHX DGC**<br><br>**ORDER GRANTING PLAINTIFF'S _EX PARTE_ MOTION FOR LEAVE FOR ALTERNATIVE SERVICE** |

Plaintiff seeks leave to serve Defendant Henry Jay by alternative means pursuant to Fed.R.Civ.P 4(e)(1) and Defendant Nguyen Le Trang by alternative means pursuant to Fed.R.Civ.P. 4(h)(2) and Fed.R.Civ.P. 4(f)(3).  Doc. 21.

Fed.R.Civ.P. 4(e)(1) authorizes service of process in a manner following state law for serving a summons in a court where service is made.  Plaintiff has established that Defendant Jay claims to reside in the State of Maine.  Maine law permits electronic service when the moving party has demonstrated due diligence in attempting to obtain personal service of process, the physical location of the person to be served cannot reasonably be ascertained, and the requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action.  Me.R.Civ.P. 4.

Plaintiff has attempted service at all available physical addresses, to no avail.

Plaintiff has investigated Defendant Jay's physical whereabouts and has been unable to locate further physical addresses for Defendant Jay, as Defendant Jay has provided a fake physical address.  Plaintiff has obtained a working email address: henryjjay@gmail.com, which is linked to Defendant Jay and from which Defendant Jay has communicated with Plaintiff.  The Court finds that service of Defendant Jay through the email address henryjjay@gmail.com is appropriate and comports with due process.

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals.

Federal Rule of Civil Procedure 4(f)(3) reads, in pertinent part:

(f)     Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:

(1)     by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on Service Abroad of Judicial and Extra Judicial Documents;

(2)     if there is no internationally agreed means, or if an international agreement allows but does no specify other means, by a method that is reasonably calculated to give notice:

(A)     as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B)     as the foreign authority directs in response to a letter rogatory or letter of request; or

(C)     unless prohibited by the foreign county's law, by;

(i)     delivering a copy of the summons and of the

2

complaint to the individual personally; or

(ii)     using any form of mail that the clerk addresses and sends to the individual personally; or

(3)     by other means not prohibited by international agreement, as the court orders. Fed. R. Civ. P. 4(f)(3).

Plaintiff seeks an order permitting service under Federal Rule of Civil Procedure 4(f)(3), which must be (1) directed by the court, and (2) not prohibited by international agreement.  *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002).

In reviewing Rule 4(f)(3), the Ninth Circuit found that "[n]o other limitations are evident from the text." *Id*. Rule 4(f) does not "create a hierarchy of preferred methods of service of process" and, "court -directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Id.*, 284 F.3d at 1015. Under Rule 4(f)(3), a method of service must comport with constitutional notions of due process and must not violate any international agreement. *Id.*, 284 F.3d at 1015, 1016. A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

"[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. However, in effectuating service of process under Fed.R.Civ.P. 4(f) (3), a plaintiff must obtain prior court approval for the alternative method of service. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004).

Plaintiff brings a copyright infringement action against Defendant Nguyen Le Trang seeking redress for Defendants' misappropriation of Plaintiff's copyrighted works.  In an attempt to determine the location of the owners and operators of the web sites, Plaintiff conducted early discovery, serving subpoenas on known vendors providing services for the web sites.  Plaintiff discovered that these vendor accounts are in the name of Nguyen Le Trang, with the following registered email: henryjjay@gmail.com.  The address information for Nguyen Le Trang was limited to Vietnam.  Plaintiff investigated the address provided to the vendor for Nguyen Le Trang and determined that the address is not connected to Nguyen Le Trang. Thus, Plaintiff has an email address for Nguyen Le Trang that was provided to the Vendor, but has not obtained a valid physical address despite diligent efforts to find one.

In the absence of a valid address, Plaintiff cannot personally serve Defendant in Vietnam. In view of the difficulties surrounding personal service without the ability to determine an actual physical address, Plaintiff seeks an order permitting service on Defendant Trang by email and has obtained an email address for her. Plaintiff asserts that service through email comports with due process because it is reasonably calculated to inform Defendant of the impending action, and under the circumstances here, it is the only means of providing notice to Defendant.

In *Rio Properties*, the Ninth Circuit found that email was "the method most likely to reach" a defendant who operated a website from Costa Rica with no discoverable street address in either the United States or Costa Rica, and who only provided an email address as a contact. 284 F.3d at 1017-118. Like *Rio Properties*, Plaintiff argues Defendant is located in Vietnam and has a business that is conducted through the internet. Furthermore, through its investigation, Plaintiff has been unable to determine a physical address for Defendant and is, thus, unable to serve Defendant by any other means.

4

Plaintiff also contends there is no authority that expressly provides or implies that email service is prohibited by international agreement, or otherwise, in Vietnam.  Additionally, the decision in *Rio Properties* and other cases from district courts nationwide support the proposition that service by email is not generally prohibited by international agreement. *Bullex v. Yoo*, 2011 U.S. Dist. LEXIS 35628 (D. Utah Apr. 1, 2011) (finding email service appropriate upon defendant of unknown location in South Korea); *Bank Julius Baer & Co. Ltd v. Wikileaks*, 2008 WL 413737, at * 2 (N.D. Cal. 2008) (finding plaintiff had successfully demonstrated that service through email was not prohibited by an international agreement); *Williams-Sonoma Inc. v. Friendfinder Inc.,* 2007 1140639, at 2 (N.D. Cal. 2007) (concluding that there was no showing that service by email was prohibited by an international agreement).

The Court agrees and finds that service of Defendant Nguyen Le Trang through email is appropriate and comports with due process. Plaintiff has demonstrated that it has been unable to obtain a physical address for Defendant Nguyen Le Trang. Additionally, Plaintiff has shown that because Defendant conducts business through the internet, service through email will give Defendant sufficient notice and opportunity to respond. The Court also finds that issuing an order allowing service via email would not be prohibited by international agreement.

**IT IS ORDERED** that Plaintiff's *Ex Parte* Motion for Alternate Service on Defendants Henry Jay and Nguyen Le Trang (Doc. 21) is **granted.**   These Defendants may be served at henryjjay@gmail.com. Service is valid upon transmission of an email to the Defendants.

Dated this 7th day of December, 2015.

_____

David G. Campbell
United States District Judge