WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP Int. Limited,<br><br>    Plaintiff,<br><br>v.<br><br>Porn69.org, et al.,<br><br>    Defendants. | No. CV-15-00451-PHX-DGC<br><br>**ORDER** |

After the Clerk of the Court entered default against Defendants Tan Bao Anh Pham, Nguyen Le Tran, and Henry Jay (Doc. 30), Plaintiff Hydentra HLP Int. Limited ("Hydentra") moved for default judgment. Doc. 34. The Court will grant the motion.

**I.  Background.**

On March 12, 2015, Plaintiff initiated this action against a group of four pornographic websites (collectively "Porn69"), asserting claims for copyright infringement based on Porn69's publication of certain videos copyrighted by Plaintiff. Doc. 1. Plaintiff filed a motion requesting leave to conduct discovery to determine the owners and operators of Porn69. Doc. 8. The Court granted the motion. Doc. 11. Thereafter, Plaintiff amended its complaint to add as Defendants the owners and operators of Porn69: Tan Bao Anh Pham, Nguyen Le Tran, and Henry Jay. Doc. 17. Defendant Tan Bao Anh Pham was personally served with the first amended complaint. Doc. 22. With leave of court, Plaintiff served Defendants Nguyen Le Tran and Henry Jay by email. Docs. 23, 26.

Defendants failed to appear after receiving service, and on January 21, 2016, the Clerk of the Court entered default. Doc. 30. Plaintiff now moves for default judgment, seeking (1) $12,600,000 in statutory damages, (2) $24,917 in attorney's fees and costs, (3) and a permanent injunction enjoining Defendants and their respective agents, servants, and employees from infringing Plaintiff's copyrighted works. Doc. 34-1 at 17.

**II.   Analysis.**

    **A.   Whether Plaintiff is Entitled to Default Judgment.**

In deciding whether to grant default judgment, the Court may consider: (1) the merits of the claim, (2) the sufficiency of the complaint, (3) the amount of money at stake, (4) the possibility of prejudice to the plaintiff, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

The first two factors favor a default judgment. A copyright infringement claim must show that (1) the plaintiff owns a valid copyright and (2) the defendant infringed the copyright. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006). Plaintiff alleges that it owns the copyright to certain erotic films and Defendants displayed 84 of these films. Doc. 17, ¶¶ 28, 58-61, 72-73. Plaintiff substantiates these allegations through declarations. Docs. 34-2, ¶¶ 8, 23; 34-3, ¶¶ 19, 24. Plaintiff has advanced a meritorious claim for copyright infringement.

The third factor disfavors entry of default judgment. Plaintiff seeks over $12 million – a significant sum of money. Rule 55 does not limit the amount of money that can be awarded in a default judgment, and courts have entered default judgments for even greater sums. *See, e.g., State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 246 F. Supp. 2d 231, 233 (S.D.N.Y. 2002) (refusing to vacate default judgment for $140 million), *aff'd*, 374 F.3d 158 (2d Cir. 2004). Nonetheless, courts are ordinarily reluctant

to enter a default judgment when the stakes are high.

The fourth factor favors entry of default judgment. Plaintiff has been injured by websites hosted in Arizona (Doc. 34-3, ¶ 26), and has brought suit in Arizona. If Plaintiff cannot recover here, it is doubtful it can recover anywhere. "Plaintiff[] will likely be without other recourse" if its motion is not granted. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth factor favors entry of default judgment. Plaintiff has provided declarations indicating that Plaintiff owned copyrights to certain erotic films and Defendants infringed upon these copyrights. There is nothing to indicate that these facts can be reasonably disputed.

The sixth factor favors a default judgment. Although Defendants were properly served with the summons and the complaint, they made no effort whatsoever to respond to Plaintiff's claims or participate in this proceeding. Further, Plaintiff presents evidence that Defendants stopped using Porn69 upon being served with this lawsuit, and established new websites where they continued to display Plaintiff's works without authorization. Doc. 34-3, ¶¶ 38-39. This indicates that Defendants were aware of this lawsuit and that their failure to participate was willful, not negligent.

The seventh factor disfavors entry of default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. This concern is alleviated somewhat by the fact that Plaintiff presents a strong case and would likely prevail if the matter were litigated on the merits. "Moreover, Defendant[s'] failure to answer Plaintiff['s] Complaint makes a decision on the merits impractical, if not impossible." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

Weighing these factors, the Court concludes that entry of default judgment is appropriate. Plaintiff has advanced a meritorious claim for copyright infringement, supported by evidence. Although Plaintiff seeks a significant judgment through a disfavored procedural mechanism, Defendants were aware of the stakes in this case and willfully ignored it, making adjudication on the merits impossible.

**B.     Extent of Damages.**

In granting default judgment, the Court may not simply accept a plaintiff's requested damages. Rather, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted); *see also Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal.1997).

A copyright owner may elect to recover statutory damages in lieu of actual damages if the copyright in question was registered with the U.S. Copyright Office before the date of infringement. 17 U.S.C. §§ 412, 504(a). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." § 504(c)(2).

Plaintiff requests the maximum statuary award for each infringement. The Court concludes that such an award is appropriate. Plaintiff has alleged, and substantiated with declarations, that all of the films at issue here were registered with the Copyright Office before the date of Defendants' infringement. Docs. 17, ¶¶ 28, 70; 34-2, ¶ 8. Plaintiff is therefore entitled to statutory damages. Plaintiff has also alleged that Defendants' infringement was willful. Doc. 17, ¶¶ 77, 83-84. This allegation is accepted as true. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement of [plaintiff's] trademarks"). Moreover, Plaintiff has provided evidence that Defendants continue to infringe their copyrights – on new websites – after service in this case. Doc. 34-3, ¶¶ 38-39. "[C]ourts have repeatedly emphasized that defendants must not be able to sneer in the face of copyright owners and copyright laws," *Int'l Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 659 (N.D. Ill. 1987), and have awarded the maximum statutory damages in cases involving willful infringement. *See,*

*e.g., Perfect 10, Inc. v. Talisman Communs., Inc.*, No. CV 99-10450(RAP)(Mcx), 2000 U.S. Dist. LEXIS 4564, at *10-11 (C.D. Cal. Mar. 27, 2000) (awarding maximum statutory damages based on defendant's "willful and egregious" infringement on plaintiff's erotic photos). The Court will therefore award Plaintiffs the maximum statutory award per infringed work – $150,000 for each of the 84 works infringed upon, for a total of $12,600,000.

### 2. Attorney's Fees.

A prevailing copyright owner may recover costs and reasonable attorney's fees if the copyright in question was registered with the U.S. Copyright Office before the date of the infringement. 17 U.S.C. §§ 412, 505. "An award of attorneys' fees is appropriate where . . . there is a finding of willful infringement." *Warner Bros. Entm't, Inc. v. Duhy*, No. CV 09-5798-GHK (FMOx), 2009 U.S. Dist. LEXIS 123332, at *8-9 (C.D. Cal. Nov. 30, 2009) (citing *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999)). The Court has already determined that the infringement in this case was willful. Plaintiffs' request – which reflects 51.6 hours of attorney work at a rate of $450 per hour and certain costs (Doc. 34-4) – is reasonable and proportionate to the needs of this case. The Court will therefore award $24,220 in attorney's fees and costs.

## C. Injunctive Relief.

A court with jurisdiction over a copyright infringement action may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. In copyright cases, courts have awarded permanent injunctive relief as part of default judgment where the defendant continued to violate the plaintiff's rights and the balance of equities and the public interest favored such an injunction. *See, e.g., Sony Music Entm't, Inc. v. Glob. Arts Prods.*, 45 F. Supp. 2d 1345, 1348 (S.D. Fla. 1999). Plaintiff provides evidence that Defendants continue to violate its copyrights, and that Defendants' infringement has caused it significant harm. Docs. 34-3, ¶¶ 38-39; 34-2, ¶¶ 19, 24-27. The Court concludes that the balance of equities and the public interest in enforcement of copyright

laws favor an injunction. The Court will grant a permanent injunction prohibiting Defendants and their respective agents, servants, and employees from infringing upon Plaintiff's copyrighted works.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 34) is **granted.**
2. The Clerk of the Court shall **enter judgment** awarding Plaintiff $12,600,000 in statutory damages and $24,917 in attorney's fees and costs.
3. Defendants and their respective agents, servants, and employees are permanently enjoined from infringing on Plaintiff's copyrighted works.

Dated this 10th day of June, 2016.

_____
David G. Campbell
United States District Judge